**WILLAMETTE VALLEY LUMBER CO. et al.**
**v. WATZEK et al.**
**No. 9397.**

District Court, D. Oregon.
Jan. 24, 1934.

690

Oscar Hayter, of Dallas, Or., and Mc-Camant, Thompson & King, of Portland, Or., for plaintiffs.

Carl C. Donaugh, U. S. Atty., of Portland, Or., William H. Griffin, Asst. Counsel for N. R. A., of Washington, D. C., and Hammond E. Chaffetz, Sp. Asst. to Atty. Gen., for defendant Carl C. Donaugh.

Charles H. Paul, of Longview, Wash., Charles A. Hardy, of Eugene, Or., and Wilbur, Beckett, Howell & Oppenheimer, of Portland, Or., for defendants other than Carl C. Donaugh.

McNARY, District Judge.

This suit was brought to enjoin the defendants from enforcing the allocation of production of lumber as to plaintiff, for the reason that it is arbitrary and discriminatory, and, if enforced, will deprive plaintiff of its property without due process of law, and to enjoin the defendants from instituting or causing to be instituted criminal actions against plaintiff for violation of the order of allotments.

A temporary restraining order was granted pendente lite. The matter is before the court on a motion to discontinue the order and a motion to dismiss the complaint.

The National Industrial Recovery Act (48 Stat. 195) was passed by the Congress of the United States as an emergency measure to overcome the depressing effects of widespread unemployment and disorganization of industry. It was declared to be the policy of Congress to provide for the general welfare by promoting the organization of industry for the purpose of co-operative action among trade groups, to induce and maintain united action of labor and management under adequate governmental sanctions and supervision, to eliminate unfair competitive practices, to promote the fullest possible utilization of the present productive capacity of industries and to avoid undue restriction of production, to increase consumption of industrial and agricultural products by increasing purchasing power, to reduce and relieve unemployment, to improve standards of labor, and otherwise to rehabilitate industry, and to conserve natural resources.

When an emergency exists justifying the President through an act of the Congress to assume supervision of the basic industries of the country, and when the President in pursuance of the authority thus granted sets up the agencies by which this supervision is to be made effective, the courts should, so far as the law permits, carefully safeguard the administration of these agencies so as not to destroy the beneficial results that might ultimately accrue thereby.

The rehabilitation of the lumber industry has a vital bearing upon the prosperity of the country. It is of especial importance to the vast number of present and former employees in the industry, and is essential to the commercial welfare of the communities where the mills are located.

The power to grant restraining orders rests largely in judicial discretion. In suits relating solely to private rights it is ordinarily exercised when it appears that there is a probable right and a danger of irreparable loss without the immediate interposition of the court. This liberal practice should not be followed where the subject of the suit involves the administration of emergency legislation and is a matter of public concern. Yet the exigencies of the present emergency are not such as to justify a court in refusing this remedy where it clearly and satisfactorily appears that the government agencies have, with arbitrary discrimination, deprived an individual or corporation of property without due process of law and in violation of the Constitution (Const. U. S. Amend. 5).

Not all inequalities are regarded in law as arbitrary and discriminatory, but such only as are based upon unjust and inadequate determining principles.

The West Coast Division agencies, in making their initial allotments, were confronted with a complex problem, requiring consideration of many factors; the prime object being to distribute the production quota allowed the division so that all of the mills would be able to carry on operations and give employment to a maximum number of employees at a self-sustaining wage.

In view of the economies required to meet the present low prices and market conditions, 30 hours per week is the minimum operating time necessary for the manufacture of lumber products. Likewise 30 hours per week is the minimum operating time on which mill employees can be self-supporting.

It is evident that if the division agencies had made special allotments to limited groups on the basis of manufacturing capacity, productive history, or contractual obligations, it necessarily would have required a greater limitation in operating time of other mills and destroyed uniformity in working conditions, thus creating a situation in which no scheme of distribution of production or labor has been, to the knowledge of the court, conceived whereby the industry as a whole could be vitalized through the operation of the Recovery Act.

Unfortunately, distribution of allotments requires some mills to make greater sacrifices in productive capacity than others, but this appears to be unavoidable by reason of the diversity in mill operation. However, it is obvious that the administrative agencies have adopted a plan of distribution which, while not perfect, is the most likely to prevent complete disaster to the lumber industry, a plan by which all mills are in one classification, and which does not, in the judgment of the court, arbitrarily discriminate against any mill unit.

The National Industrial Recovery Act provides that any violation of the Code shall be punishable by a fine of $500, and that each day's continuance shall be a separate offense. Section 3 (f) of the act, 15 USCA § 703 (f). The Code provides that, if any person shall exceed his allotment, the division agency shall diminish subsequent allotments of the offender by an amount equal to such excess.

It would be of doubtful validity to impose penalties so severe upon plaintiff for bringing this suit in good faith to have its rights under the statute determined. Some courts have held that a law which imposes such conditions upon the right to appeal for relief is unconstitutional.

Pending further investigation of the law relating to the constitutionality of the penalties, the order restraining defendants from enforcing them will be continued, and the motion to dismiss will be continued.

The order restraining defendants from restricting plaintiff's future production will be vacated.